# EXHIBIT 1



MAR 03 2025

## COMMONWEALTH of VIRGINIA

### Secretary of the Commonwealth

POST OFFICE BOX 2452

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Boston College
BC Office of General Counsel
Attn: Joseph Schott
14 Mayflower Rd.
Chestnut Hill, MA 02467

2/24/2025

Mike Cline
Kevin Cline

vs.

Boston College
BC Office of General Counsel
Attn: Joseph Schott

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Arlington County Circuit Court
1425 North Court House Road, Room 6700
Arlington, VA 22201-2685

Service of Process Clerk
Secretary of the Commonwealth's Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. ........... CL2300~4185

Commonwealth of Virginia     VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

............... 17TH JUDUCIAL CIRCUIT COURT OF VIRGINIA ............... Circuit Court

| MIKE CLINE | v. | BOSTON COLLEGE, BC ATHLETICS, BC FOOTBALL, |
|---|---|---|
| KEVIN CLINE | | BC ATHLETIC TRAINER, et al. |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:     [×] Summons and Complaint          [ ] Notice
                                                     [ ] ...............

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant     [×]   BC OFFICE OF GENERAL COUNSEL ATTN: JOSEPH SCHOTT 14 MAYFLOWER RD CHESTNUT HILL, MA 02467
    whose last known address is     [ ] same as above [ ] ...............
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
        applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
        REQUIREMENT ON BACK)

........................... is the hearing date and time on the attached process or notice (if applicable).

..29 Jan 2025.............          ...............
        DATE                        [×] PARTY  [ ] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of  FLORIDA        [ ] City [×] County of  PALM BEACH                    ROLANDE M. RENAUD
                                                                              Commission # HH 273277
Acknowledged, subscribed and sworn to before me this day by ..Mike Cline..    Expires October 5, 2026
                                                                PRINT NAME OF SIGNATORY

..1/29/2025..                          Rolande m Renaud
        DATE                  [ ] CLERK     [ ] MAGISTRATE     [×] NOTARY PUBLIC
                              Notary Registration No. HH 273277   My commission expires: 10/05/2226

[×]  Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
     provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
     You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
     of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
     certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
     seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:
                    FEB 2 0 2025
1.  On ........................................., legal service in the above-styled case was made upon the Secretary of the
     Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
                    FEB 2 5 2025
2.  On ........................................., papers described in the Affidavit and a copy of this Affidavit were forwarded by
     certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

............................
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON  VA
(703) 228-7010

Summons

To: BOSTON COLLEGE OFFICE OF
GENERAL COUNSEL
ATTN: JOSEPH SCHOTT
14 MAYFLOWER RD
CHESNUT HILL MA 02467

Case No. 013CL23004185-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, December 30, 2024

Clerk of Court:  PAUL F. FERGUSON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

CM23001302-00

FILED by Arlington County Circuit Court
09/05/2023

**CASE**
**FS**

Case No. ____

CM23001302-00
MISC
INFP

COMMONWEALTH OF VIRGINIA    VA.CODE §§ 16.1-69.48:4; 17.1-606

_____ 17th Judicial _____ Circuit Court

_____ Mike Cline _____ v. _____ Boston College and it's Traning Staff et al.

The undersigned petitioner(s) request the court to permit the petitioner(s) to sue or defend a civil case in this court without the payment of fees or costs and to have from all officers all needful services and process. In support of the petition, the petitioner(s) state that the following information is true:

[ ] I currently receive the following type(s) of public assistance in ..............................................................................
CITY/COUNTY

    [ ] TANF $ ................................    [ ] Medicaid    [ ] Supplemental Security Income $ ................................

    [ ] SNAP (food stamps) $ ................................    [ ] Other (specify type and amount) ................................

[X] I currently do not receive public assistance.
[ ] I am represented in this matter by a legal aid society, an attorney appearing as counsel *pro bono*, or an attorney assigned to me or referred by a legal aid society.

Names and address of employer(s) for myself and spouse:

Self N/A

Spouse

**RECEIVED**

| NET INCOME: | Self | Spouse | |
|---|---|---|---|
| Pay period (weekly, every second week, twice monthly, monthly) ............... | 0 | | SEP – 5 2023 |
| Net take home pay (salary/wages, minus deductions required by law and tax withholdings) | $ 0.00 | | PAUL FERGUSON, CLERK Arlington County Circuit Court |
| Other income sources (please specify) | | | by _alee_ Deputy Clerk |
| ................................ | $ | | COURT USE ONLY |
| **TOTAL INCOME** | $ 0.00 + | _____ = | [ ] A |

| LIQUID ASSETS: | | | |
|---|---|---|---|
| Cash on hand ................................ | $ 500.00 | | |
| Bank Accounts at: **USAA** | $ 000.00 | | |
| Any other liquid assets: (please specify) | | | |
| ................................ | with a value of ............ $ 0.00 | | COURT USE ONLY |
| **TOTAL ASSETS** | $ 3,500.00 + | _____ = | [ ] B |

| 2 Number in household I have financial responsibility for, including myself. |
|---|

**EXCEPTIONAL EXPENSES** (Total Exceptional Expenses of Family)

Medical Expenses (list only unusual and continuing expenses) ............................ $ 0.00

Court-ordered support payments/alimony ............................................ $ 0.00

    [ ] deducted from paycheck  [ ] not deducted from paycheck

Child-care payments (e.g. day care) ................................................ $ 0.00

Other (describe):

................................ } $ 0.00

COURT USE ONLY

**TOTAL EXPENSES** $ 0.00 = [ ] C

COLUMN "A" plus COLUMN "B" minus
COLUMN "C" equals available funds = [ ]

ACKNOWLEDGEMENT

I understand that the court cannot provide me with legal advice, and that it may be advisable to get advice from a lawyer.

| 7/17/2023 | *Mike Cline* | Mike Cline |
|-----------|--------------|------------|
| DATE | SIGNATURE – PETITIONER | PRINT NAME –PETITIONER |

170 NE 2nd Street #871 Boca Raton, FL 33432
RESIDENCE ADDRESS OF PETITIONER

FORM CC-1414 (MASTER, PAGE TWO OF TWO) 02/23

**ORDER FOR PROCEEDING IN CIVIL CASE
WITHOUT PAYMENT OF FEES OR COSTS**
Commonwealth of Virginia          VA. CODE § 17.1-606

Case No. ............................................

.................................................................... Circuit Court

.................................................................... V. ....................................................................

Upon petition filed requesting this court to permit the petitioner(s) to sue or defend a [ ] civil case OR [ ] no-fault divorce proceeding under Virginia Code § 20-91(a)(9) in this court without the payment of fees or costs and to have from all officers all needful services and process, it is hereby ORDERED that the petition is

[ ] granted.

[ ] denied.

[ ] and the parties shall ....................................................................................................................

....................................................................................................................

....................................................................................................................

....................................................................................................................

...................................................          ...................................................
            DATE                                                                    JUDGE

FORM CC-1421(A) MASTER 07/21

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. ...................................................
(CLERK'S OFFICE USE ONLY)

................ 17TH Judicial ........................................................ Circuit Court

Mike Cline ........................ v./In re: Boston College and it's Athletic Training Staff et al.
PLAINTIFF(S)                  DEFENDANT(S)

Kevin Cline

I, the undersigned [X] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[X] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
    [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
    [ ] Impress/Declare/Create
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

## MISCELLANEOUS

[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ 26,660,000.00 .......... are claimed.

7/17/2023
DATE      [X] PLAINTIFF    [ ] DEFENDANT    [ ] ATTORNEY FOR    [ ] PLAINTIFF / [ ] DEFENDANT

Mike Cline
PRINT NAME

170 NE 2nd Street #871 Boca Raton, FL 33432
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

561-212-9180

MikeCline89@gmail.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 02/23

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

VIRGINIA:

IN THE 17ᵀᴴ JUDICIAL CIRCUIT COURT OF VIRGINIA

| | |
|---|---|
| Mike Cline_____ : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | Case No.: CL23004185 |
| : | |
| : | |
| Serve: : | |
| Boston College University, Boston College | |
| Athletics, Boston College Football, Boston | |
| College Athletic Trainer, et al. : | |
| Defendant. : | |

**COMPLAINT**

Plaintiff, moves for judgment against the defendant on the grounds and in the amount set forth below:

THE PARTIES:

1. At all times relevant herein Plaintiff, Mike Cline and Kevin Cline are residents of Boca Raton, FL.

2. At all times relevant herein Defendant, Boston College University, Boston College Athletics, Boston College Football, Boston College Athletic Trainer, et al, was and is located in Chestnut Hill, MA.

3. This court maintains jurisdiction over the parties to this action as well as the subject matter hereof and this forum is both proper and convenient because the injury occurred in Blacksburg, VA at Virginia Tech Football stadium.

FACTUAL BACKGROUND:

4. Plaintiff Mike Cline and Kevin Cline are suing Defendant(s) Boston College et al. for TORT NEGLIGENCE and FRAUDULENT CONCEALMENT for their failure to perform their University's and Athletic Trainer's **"Special Duty of Care"** that they owe to their Student Athletes to properly maintain and repair

the protective knee brace equipment that the University purchased and requires the Plaintiff Student Athlete Kevin Cline to wear as a condition to participate in Boston College Football practices and games. The Athletic Trainer's attempt to Fraudulently Conceal the brace broken condition at the time of the injury to Plaintiff is evidenced by him repairing the broken brace in front of the Plaintiff before shipping it back to the manufacturer for testing and evaluation of it's possible fail to provide the warranted and expected level of ACL protection that the manufacturer promotes.

5. This **Gross Negligence** of their "**Special Duty of Care**" to properly repair Kevin Cline's protective knee brace that broke during a Varsity Football game at Virginia Tech 10Sep2022 that resulted in Kevin Cline experiencing a "ruptured" completely torn 'ACL' Anterior Crucial Ligament.

6. Boston College unauthorized taping of the DonJoy Protective Knee brace to Kevin Cline's leg voided all of the protection and performance warranties claims from the manufacturer and places the inoperability of the protective knee brace squarely on the Grossly Negligent actions of the Boston College Athletic Trainer.

7. The Fraudulent Concealment occurred when the Athletic Trainer chose to repair the broken before sending it back to the manufacturer for testing and evaluation of the broken brace in the condition it was in he taped it to the Plaintiff's leg for a game situation and the device FAILED to provide the ACL protection that DONJOY promotes for this knee brace.

8. While Student Athlete Kevin Cline did voluntarily participate in a contact sport for Boston College as a Scholarship Revenue Generating Student Athlete. Boston College Football requires it's Offensive Linemen to wear certain protective equipment that includes the DonJoy ACL protective knee brace that

Boston College selected, purchased, coordinated the custom fitting, and received the maintenance, repair and replacement parts, training and policies from the manufacturer and their supplier. While this protective knee brace (that Boston College selected and provided) does not guarantee to protect the athlete against all injuries, this particular DonJoy ACL knee brace does claim to provide a high level of impact and non-impact protection against severe ACL injury and reduces the risk of severe ligament damage when worn properly and kept in proper repair and working condition.

9. Boston College gross failure of its "**Special Duty of Care**" and its **Gross Negligence** in its Duty to properly maintain and repair this required protective knee brace equipment that was provided by their institution is a clear Negligent Breach of their "Special Duty of Care" to their Student Athlete Kevin Cline and that had a Direct causation of the type of Injury and the severity of the Injury that Kevin Cline suffered on 10Sep2022 while participating in a for-profit football game as Student Athlete for Boston College.

10. Boston College Athletic Staff did not complete the proper repair to their required protective knee brace equipment as mandated and trained by the equipment manufacturer and Boston College Athletic Trainer "**Reasonably**" knew that the equipment was in unacceptable working condition and in complete disrepair with that "tape job" that they did to Kevin's knee brace during the game on 10Sep2022.

11. Boston College Athletic Trainer committed FRAUDULENT CONCEALMENT when he attempted to **COVER-UP** his Gross Negligence and Legal Liability for his unreasonable and unprofessional act of taping the broken knee brace to the Student Athlete Kevin Cline's leg.

12. As further proof that the Athletic Trainer was consciously and deliberately trying cover up his gross negligence and subsequent liability to Kevin Cline, the Athletic Trainer made the necessary repair to the #4 claps on Kevin Cline's left protective knee brace (the repair that should have taken place on the sideline of the game in which Kevin ruptured his ACL while wearing the broken knee brace) in front of Kevin Cline the day before the Athletic Trainer shipped the knee brace back to the manufacturer DonJoy for testing and evaluation of the knee brace's protection capabilities and performance levels in the "broken taped-up condition" it was in when Boston College Athletic Trainer sent Student Athlete Kevin Cline back into the game.

13. Boston College has stated that it does not have any "Duty" to Kevin Cline and the rest of its Scholarship Student Athletes' while they are "voluntarily participating" in for-profit 'Varsity Sport' activities for Boston College? Boston College statement that they have NO "reasonable standard of care" Duty to Kevin Cline and the other Scholarship Student Athletes at their university is very concerning and disturbing.

14. Boston College claims to have No "reasonable standard of care" Duty to Kevin Cline to keep his Mandatory Protective knee brace equipment in proper repair and working order.

15. Boston College claims to have No Duty to Kevin's safety because he was voluntarily participating in a for-profit Varsity sport for Boston College in which he could get injured is outrageous.

16. Kevin Cline and his family never knowingly signed any release of liability documents or otherwise agreed to wear faulty equipment provided by Boston College that was in disrepair.

Boston College selected and purchased this protective gear and Boston College required the wearing of this specific brand and type of protective knee brace for Kevin Cline and the rest of their offensive linemen to wear in practice and in games.

17. Boston College Athletic Trainer Unreasonably and Negligently chose Not to take the four minutes necessary to repair the broken #4 clasp on Kevin's knee brace (as taught to him by the manufacturer and he did not use the parts provided to him by the manufacturer).

Defendant was negligent by:

18. Plaintiff alleges and asserts that Boston College does have a Legal Duty to its codependent Student Athlete Plaintiff Kevin Cline and that they failed in their **"Special Duty of Care"** and in their **"Reasonable Standard of Care"** Duty to Kevin Cline by,

1. Failing to keep their mandatory protective equipment in proper safe and working condition.

2. Failing to make the proper repairs to Kevin Cline's protective equipment as mandated by the manufacturer that led to Kevin Cline's massive injury and loss of body parts.

3. Failing to follow and adhere to the documented manufacturer use, maintenance, and repair guidelines for their protective knee brace.

4. Failing to follow and adhere to Boston College and NCAA Athletic Training SOP on protecting the health and safety of their Student Athletes.

5. Failing to follow and adhere to Reasonable Athletic Trainer and Equipment Manager "Reasonable Standard of Care" when they decided to tape that knee brace to Kevin Cline's leg?

6. Gross Negligence when the Athletic Trainer chose Not to take the necessary 3-5 minutes to properly repair the Plaintiff Student Athlete Kevin Cline's broken knee brace during the 10Sep2022 football game, but then chose to repair it in less than 5 minutes in front Plaintiff Student Athlete Kevin Cline in a deliberate attempt to deceive the manufacturer before sending it back the manufacturer for testing and evaluation a month later.

7. The Boston College Athletic Trainer knew how to do the needed repair and deliberately chose not to take the 3-5 minutes to do the needed repair to protect their Student Athlete Kevin Cline.

**Legal Duty-**

1. The Defendants Boston College and its Athletic Trainer et al. do have a legal "**Special Duty of Care**" to the Plaintiff (Student Athlete) Kevin Cline because of a "**Mutual Dependency**" and the Defendants Boston College Football and Athletic Trainer have a "**Special Position of Control**" over the Plaintiff Student Athlete Kevin Cline as his teacher, Coach, athletic trainer, authority figure, and provider of mandatory protective equipment to the Plaintiff in exchange for the Plaintiff's participation in the school's for-profit, revenue generating, Intercollegiate Football Enterprise.

2. The Defendant Boston College have a Legal duty to provide properly working protective equipment that they require the Plaintiff to wear.

3. The Defendant Boston College have a Legal Duty to keep the protective equipment in proper working order.

4. The Defendant Boston College have a Legal Duty to make repairs to the protective equipment that follow the guidelines and training of the manufacturer.

**Breach of Duty-**

1. The Defendant Boston College Athletic Trainer willfully and deliberately provided a Unreasonable, Unauthorized "fix" and Not a authorized repair to the Plaintiff Student Athlete Kevin Cline's protective equipment that resulted in the protective equipment failing and not being able to provide the basic protection for which it was designed and purchased to deliver to the Plaintiff Student Athlete Kevin Cline.

**2**. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that he was executing a unreasonable, improper, unauthorized, and ineffective "fix" to the Plaintiff Student Athlete Kevin Cline's protective knee brace equipment.

**3**. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that by sending the Plaintiff Student Athlete Kevin Cline back into the game unprotected with a broken and now defective Left Knee Brace, he was exposing and subjecting the Defendant to unnecessary risk of injury because he did not want to take the 3-5 minutes necessary to properly repair the broken protective knee brace.

4. The severity of Kevin Cline's injury is a direct result of the unreasonableness of the actions of the Athletic Trainer  when he caved to the pressures of expediency in getting Kevin Cline back into the game and he negligently neglected his "**Special Duty of Care**" to his Student Athlete Kevin Cline.

5. The **Gross Negligence** perpetrated on Kevin Cline that day from his superior and authorized medical person that he had complete faith and trust in is equivalent to taping a BROKEN SEATBELT clasp together in race car during a pit-stop and then sending the driver back into the race and then he gets into a minor situation where his seatbelt would have protected from injury like it had done hundreds of times before, but it could not help the driver because it was broken and inoperable without the driver's knowledge because he had trusted his pit crew to do the right thing but someone who was in charge of that protective device/equipment decided to take a shortcut this time and neglect their **"Special Standard of Care Duty"** to that driver.

6. The Knee Brace was not repaired to the Manufacture's standards or training.

8. The unreasonable and unauthorized tape job that the Defendant Boston College Athletic Trainer performed on the Plaintiff Student Athlete Kevin Cline's protective equipment left Plaintiff Student Athlete Kevin Cline's (unbeknownst to Kevin Cline) with zero percent of the protection that he thought he was receiving from his protective knee brace and none of the protection that he was accustomed to receiving from that protective piece of equipment.

9. This void of protection occurred directly because of the unreasonable and grossly negligent and unprofessional actions of the Boston College Football Athletic Trainer's decision to Not repair the broken clasp immediately before sending his Student Athlete back onto the field of play. That Broken #4 Clasp is specifically engineered to protect the ACL ligament and because it was not in place at the time of the incident and Kevin therefore had No

Protection and subsequently sustained a Severe Class 4 season ending and career threatening ruptured ACL injury.

10. The part of the knee brace that was broken and the area where the Boston College Athletic Trainer tried to complete an unauthorized workaround fix in order to get Student Athlete Kevin Cline back into the Game as soon as possible, was a very clear example of Boston College putting the revenue generating "Game" before their Student Athlete Kevin Cline's Safety.

**Plaintiff's Injuries-**

1. The Plaintiff Kevin Cline suffered a severe knee injury as a direct result of the Defendant's defective protective equipment provided to the Plaintiff Kevin Cline during a Boston College for-profit intercollegiate football game on 10Sep2022 in Blacksburg, VA.

**2.** The Plaintiff lost two body parts in his knee, his entire ACL and a portion of his Patella Tendon that was taken out to create the new ACL. Plaintiff Kevin Cline was a starter at the time of this injury, and he missed the remaining 10 games of the 2022 season in which he was eligible to declare for the NFL Draft at the end of that 2022 season.

3. Plaintiff Kevin Cline's Loss his entire ACL Body Part and the cutting out of part of his Patella Ligament in order build a replacement ACL is a significant loss and a major setback to his extremely competitive profession and this Loss has caused irreputable harm to his progression table and advancement schedule that we calculate will potentially cost him Millions of dollars in lost earnings.

4. According research from the Harvard football injury study knee injuries do have long term health consequences for Football Players like obesity, heart disease, hypertension, pain, physical limitations and a loss of quality of life.

**Defendant's cause of injuries and losses-**

1. Defendant Boston College has a **"Special Standard of Care Duty"** to their Student Athlete's health and safety and Boston College Athletic Department, Football program, and Athletic Trainer all have a **"Special Duty of Care"** to provide protective equipment that is in proper working order.

2. Defendant Boston College Athletic Trainer negligently performed a unprofessional, unreasonable, and unauthorized "fix" to Plaintiff Student Athlete Kevin Cline's broken Protective Knee Brace by "Taping" the brace to Kevin's leg with 'ankle tape' to replace the support and protection of the broken #4 ACL metal Clasp and Velcro strap. This unreasonable, unprofessional, and unauthorized action rendered the brace inoperable and ineffective, and left Kevin Cline with none of the ACL Protection and support that he was accustomed to having and that he should reasonably be expecting from his Protective Knee Brace.

3. Defendant Boston College Athletic Trainer made a selfish, calculated and unreasonable choice to not perform the proper 3-5 minute authorized and mandated Repair to the Protective Knee Brace by replacing the #4 ACL Clasp as they were trained and instructed to do by the Manufacturer's supplier.

4. Defendant Boston College Athletic Trainer deceived and broke his **'Special Duty of Care'** to Plaintiff Student Athlete Kevin Cline by lying to him and returning him to the game with a known broken piece of Protective Equipment that the Athletic Training knew he had just conducted an unauthorized, ineffective and damaging "fix" to Plaintiff Student Athlete Kevin Cline's Brace by taping that Brace to Kevin's leg. Kevin trusted their work and their instruction to return to the game where he immediately experienced a severe complete rupture of his left ACL because he had no ACL Support or Protection from his Protection Knee Brace because it had been unreasonably rendered ineffective by the Defendant Boston College Athletic Trainer's unauthorized Taping "fix" that the Athletic Training unreasonably chose to do over what a reasonable Athletic Trainer would have done.

5. Plaintiff Kevin Cline suffered a definite career limiting, shortening, and potentially career ending Reconstructive Knee Surgery in Oct2022 as a result of his injury in this 10Sep2022 Football game. In order to reconstruct Defendant Student Athlete Kevin Cline's knee the surgeon had to cut out part of his Patella Tendon and sew it back together in order to create a new ACL Anteria Crucial Ligament that was then screwed into his bones on both ends.

**DEFENDANT'S FRAUDULENT CONCEALMENT:**

1. When the manufacturer asked to have the brace shipped to them for

Review and Testing of its capabilities at the time of the injury, the

Defendant Boston College Athletic Trainer requested the brace from

Plaintiff Student Athlete Kevin Cline and the Defendant Boston College

Athletic Trainer repaired the brace in less than five minutes the day before

shipping the repaired brace back to the manufacturer for flawed Testing and

Evaluation.

The Plaintiff have invested thousands of dollars into Kevin's development and expenses and

is seeking damages, reimbursement, remuneration and monetary consideration for out-of-

pocket expenses and lost earnings surrounding this injury and for the Plaintiff's projected

losses on the overall investment into Kevin's 15-year football career.

As a direct and proximate result thereof, Plaintiff, Kevin Cline, sustained serious injuries, has

suffered, and will continue to suffer great pain of body and mind; has incurred hospital, doctors,

and related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff, Kevin Cline, demands judgment against the defendant in the sum of

($20,000,000.00), and his costs expended in this action, plus pre and post judgment interest.

Respectfully submitted,

Mike Cline
Plaintiff,

**JURY DEMAND**
Plaintiff demands a trial by a jury as to the issues raised in the Complaint.

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**
**SECRETARY OF THE COMMONWEALTH**

Case No. _____ CL2300X4185

Commonwealth of Virginia • Va. Code §§ 8.01-301, -329; 55-218.1; 57-51

17TH JUDICIAL CIRCUIT COURT OF VIRGINIA _____ District Court

| MIKE CLINE | v. | BOSTON COLLEGE UNIVERSITY, |
|---|---|---|
| KEVIN CLINE | | BC ATHLETICS, BC FOOTBALL |
| | | BC ATHLETIC TRAINER, et al. |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: [ ] Warrant    [ ] Motion for Judgment    [X] COMPLAINT

I, the undersigned Affiant, state under oath that:

[X] the above-named defendant    [ ] _____

whose last known address is: [ ] same as above [X]    BC OFFICE OF GENERAL COUNSEL ATTN: JOSEPH SCHOTT

14 MAYFLOWER RD. CHESTNUT HILL, MA 02467

1. [X] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) _____
   applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
   REQUIREMENT on reverse) and that

   _____ is the return date on the attached warrant, motion for judgment or notice (see TIMELY
   SERVICE REQUIREMENT on reverse).

9 Sep 2024

[ ] PARTY    [ ] PARTY'S ATTORNEY    [X] PARTY'S AGENT

KATHERINE DELVA
Notary Public - State of Florida
Commission # HH 581643
My Comm. Expires Aug 13, 2028

State of _Florida_    [ ] City [X] County of _Palm Beach_

Acknowledged, subscribed and sworn to before me this _9th_ day of _September_, 20 _24_

HH 581643    for Micheal L. Cline only

NOTARY REGISTRATION NUMBER    [ ] CLERK [ ] MAGISTRATE [X] NOTARY PUBLIC (My commission expires 08/13/2028)

[X] Verification by the clerk of the court of the date of filing of the certificate of compliance requested. A self-addressed stamped
envelope was provided to the clerk at the time of filing of this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Executive Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates
the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY
responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions
concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE
COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On _____, legal service in the above-styled case was made upon the Secretary of the
   Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On _____, papers described in the Affidavit and a copy of this Affidavit were
   forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE
SECRETARY OF THE COMMONWEALTH

FORM DC-410 FRONT 07/13

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.   Transacting any business in this Commonwealth;

2.   Contracting to supply services or things in this Commonwealth;

3.   Causing tortious injury by an act or omission in this Commonwealth;

4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.   Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.   Having an interest in, using, or possessing real property in this Commonwealth;

7.   Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10.  Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

CL23004185-00

FILED by Arlington County Circuit Court
09/20/2023



CL23004185-00
GTOR
GTOR

VIRGINIA:

### IN THE 17TH JUDICIAL CIRCUIT COURT OF VIRGINIA

Mike Cline
        Plaintiff,

v.

                Case No.:

Serve:
Boston College University, Boston College
Athletics, Boston College Football, Boston
College Athletic Training Staff, et al.
        Defendant.

### COMPLAINT



Plaintiff, moves for judgment against the defendant on the grounds and in the amount set
forth below:

### THE PARTIES:

1. At all times relevant herein Plaintiff, Mike Cline and Kevin Cline are residents of

    Boca Raton, FL.

2. At all times relevant herein Defendant, Boston College University et al, was and is located

    in Chestnut Hill, MA.

3. This court maintains jurisdiction over the parties to this action as well as the subject matter

    hereof and this forum is both proper and convenient because the injury occurred in

    Blacksburg, VA at Virginia Tech Football stadium.

### FACTUAL BACKGROUND:

4. Plaintiff Kevin Cline is suing Defendant(s) Boston College for TORT

    NEGLIGENCE for their failure to perform their University's **"Special Duty of**

    **Care"** that they owe to their Student Athletes to properly maintain and repair

    the protective knee brace equipment that the University purchased and requires

the Plaintiff Student Athlete Kevin Cline to wear in order to participate in Boston College Football practices and games.

5. This **Gross Negligence** of their **"Special Duty of Care"** to properly repair Kevin Cline's protective knee brace that broke during a Varsity Football game at Virginia Tech 10Sep2022 that resulted in Kevin Cline experiencing a "ruptured" completely torn 'ACL' Anterior Crucial Ligament.

6. Boston College unauthorized taping of the DonJoy Protective Knee brace to Kevin Cline's leg voided all of the protection and performance warranties claims from the manufacturer and places the inoperability of the protective knee brace squarely on the Grossly Negligent actions of the Boston College Athletic Staff.

7. While Student Athlete Kevin Cline did voluntarily participate in a contact sport for Boston College as a Scholarship Student Athlete. Boston College Football requires it's Offensive Linemen to wear certain protective equipment that includes the DonJoy ACL protective knee brace that Boston College selected, purchased, coordinated the fitting, and received the maintenance, repair and replacement parts, training and policies from the manufacturer. While this protective knee brace (that Boston College selected and provided) does not guarantee to protect the athlete against all injuries, this particular DonJoy ACL knee brace does claim to provide a high level of impact and non-impact protection against severe ACL injury and reduces the risk of severe ligament damage when worn properly and kept in proper repair and working condition.

8. Boston College gross failure of its "**Special Duty of Care**" and its **Gross Negligence** in its Duty to properly maintain and repair this required protective knee brace equipment that was provided by their institution is a clear Negligent Breach of their "Special Duty of Care" to their Student Athlete Kevin Cline and that had a Direct causation of the type of Injury and the severity of the Injury that Kevin Cline suffered on 10Sep2022 while participating in a for-profit football game as Student Athlete for Boston College.

9. Boston College Athletic Staff did not complete the proper repair to their required protective knee brace equipment as mandated and trained by the equipment manufacturer and Boston College Athletic Staff "**Reasonably**" knew that the equipment was in unacceptable working order and in complete disrepair with that tape job that they did to Kevin's knee brace during the game on 10Sep2022.

10. Boston College Athletic Trainer attempted to **cover-up** their Gross Negligence and Legal Liability for their unreasonable act of taping the broken knee brace to the Student Athlete Kevin Cline's leg. The Trainer made the necessary repair to the #4 claps on Kevin Cline's left protective knee brace (the repair that should have taken place on the sideline of the game in which Kevin ruptured his ACL) the day before they shipped the knee brace back to the manufacturer for testing and evaluation of its performance levels in the "broken taped-up condition" it was in when Boston College Athletic Trainer sent Student Athlete Kevin Cline back into the game.

11. Boston College has stated that it does not have any "Duty" to Kevin Cline and the rest of its Scholarship Student Athletes' while they are "voluntarily participating" in for-profit varsity sport activities for Boston College? Boston College statement that they have NO "reasonable standard of care" Duty to Kevin Cline and the other scholarship student athletes at their university is very concerning and disturbing.

12. Boston College claims to have No "reasonable standard of care" Duty to Kevin Cline to keep his Mandatory Protective knee brace equipment in proper repair and working order.

13. Boston College claims to have No Duty to Kevin's safety because he was voluntarily participating in a for-profit Varsity sport for Boston College in which he could get injured.

14. Kevin Cline and his family never knowingly signed any release of liability documents or otherwise agreed to wear faulty equipment provided by Boston College that was in disrepair.
    Boston College selected and purchased this protective gear and Boston College required the wearing of this specific brand and type of protective knee brace for Kevin Cline and the rest of their offensive linemen to wear in practice and in games.

15. Boston College Athletic Trainer Unreasonably and Negligently chose Not to repair the broken #4 clasp on Kevin's knee brace (as taught to him by the manufacturer and he did not use the parts provided to him by the manufacturer).

Defendant was negligent by:

16. Plaintiff alleges and asserts that Boston College does have a Legal Duty to to its Plaintiff Student Athlete Kevin Cline and that they failed in their **"Special Duty of Care"** and in their **"Reasonable Standard of Care"** Duty to Kevin Cline by,

1. Failing to keep their mandatory protective equipment in proper safe and working condition.

2. Failing to make the proper repairs to Kevin Cline's protective equipment as mandated by the manufacturer that led to Kevin Cline's massive injury and loss of body parts.

3. Failing to follow and adhere to the documented manufacturer use, maintenance, and repair guidelines for their protective knee brace.

4. Failing to follow and adhere to Boston College and NCAA Athletic Training SOP on protecting the health and safety of their Student Athletes.

5. Failing to follow and adhere to Reasonable Athletic Trainer and Equipment Manager "Reasonable Standard of Care" when they decided to tape that knee brace to Kevin Cline's leg?

6. Gross Negligence when the Athletic Trainer chose Not to take the necessary 3-5 minutes to properly repair the Plaintiff Student Athlete Kevin Cline's broken knee brace during the 10Sep2022 football game, but then chose to repair it in 5 minutes before sending it back the manufacturer for testing and evaluation a month later.

7. The Boston College Athletic Trainer knew how to do the needed repair and deliberately chose not to take the 3-5 minutes to do the needed repair to protect their Student Athlete Kevin Cline.

**Legal Duty-** 1. The Defendants Boston College does have a legal **"Special Duty of Care"** to the Plaintiff (Student Athlete) Kevin Cline because of **"Mutual Dependency"** and the Defendants Boston College Football and Athletic Staff have a **"Special Position of Control"** over the Plaintiff Student Athlete Kevin Cline as his teacher, Coach, athletic trainer, authority figure, and provider of mandatory protective equipment to the Plaintiff in exchange for the Plaintiff's participation in the school's for-profit, revenue generating, Intercollegiate Football Enterprise.

2. The Defendant Boston College have a Legal duty to provide properly working protective equipment that they require the Plaintiff to wear.

3. The Defendant Boston College have a Legal Duty to keep the protective equipment in proper working order.

4. The Defendant Boston College have a Duty to make repairs to the protective equipment that follow the guidelines and training of the manufacturer.

**Breach of Duty-** 1. The Defendant Boston College Athletic Trainer willfully and deliberately provided a Unreasonable, Unauthorized "fix" and Not a authorized repair to the Plaintiff Student Athlete Kevin Cline's protective equipment that resulted in the protective equipment failing and not being able to provide the protection for which it was designed and purchased to deliver to the Plaintiff Student Athlete Kevin Cline.

2. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that he was executing a unreasonable, improper, unauthorized, and ineffective "fix" to the Plaintiff Student Athlete Kevin Cline's protective knee brace equipment.

3. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that by sending the Plaintiff Student Athlete Kevin Cline back into the game unprotected with a broken and now defective Left Knee Brace, he was exposing and subjecting the Defendant to unnecessary risk of injury because he did not want to take the 3-5 minutes necessary to properly repair the broken protective knee brace.

4. The severity of Kevin Cline's injury is a direct result of the unreasonableness of the actions of Athletic Trainer when he caved to the pressures of expediency in getting Kevin Cline back into the game and he negligently neglected his **"Special Duty of Care"** to his Student Athlete.

5. The **Gross Negligence** perpetrated on Kevin Cline that day from his superiors and authorized people that he had complete faith and trust in is equivalent to taping a BROKEN SEATBELT clasp together in race car during a pit-stop and then sending the driver back into the race and then he gets into a minor situation where his seatbelt would have protected from injury like it had done hundreds of times before, but it could not help the driver because it was broken and inoperable without the driver's knowledge because he had trusted his pit crew to do the right thing but someone who in charge of that protective device/equipment decided to take a shortcut this time and neglect their **"Special Standard of Care Duty"** to that driver.

6. The Knee Brace was not repaired to the Manufacture's standards or training.

8. The unreasonable and unauthorized tape job that the Defendant Boston College Athletic Trainer performed on the Plaintiff Student Athlete Kevin Cline's protective equipment left Plaintiff Student Athlete Kevin Cline's (unbeknownst to Kevin Cline) with zero percent of the protection that he thought he was receiving from his protective knee brace and non of the protection that he was accustomed to receiving from that protective piece of equipment.

9. This void of protection occurred directly because of the unreasonable and grossly negligent actions of the Boston College Football Athletic Trainer's decision to Not repair the broken clasp immediately before sending his Student Athlete back onto the field of play. That Broken #4 Clasp is specifically engineered to protect the ACL ligament and because it was not in place at the time of the incident Kevin had No Protection and subsequently sustained a Severe Class 4 season ending and career threatening ruptured ACL injury.

10. The part of the knee brace that was broken and the area where the Boston College Athletic Trainer tried to complete an unauthorized workaround fix in order to get Student Athlete Kevin Cline back into the Game as soon as possible, was a very clear example of Boston College putting the revenue generating "Game" before their Student Athlete Kevin Cline's Safety.


**Plaintiff's Injuries-** 1. The Plaintiff Kevin Cline suffered a severe knee injury as a direct result of the Defendant's defective protective equipment provided to the Plaintiff Kevin Cline during a Boston College for-profit intercollegiate football game on 10Sep2022 in Blacksburg, VA.

2. The Plaintiff lost two body parts in his knee, his entire ACL and a portion
of his Patella Tendon that was taken out to create the new ACL. Plaintiff
Kevin Cline was a starter at the time of this injury, and he missed the
remaining 10 games of the 2022 season in which he was eligible to declare
for the NFL Draft at the end of that 2022 season.

3. Plaintiff Kevin Cline's Loss of his entire ACL Body Part and the cutting
out of part of his Patella Ligament in order build a replacement ACL is a
significant loss and a major setback to his extremely competitive profession
and this Loss has caused irreputable harm to his progression table and
advancement schedule that we calculate will potentially cost him Millions
of dollars in lost earnings.

**Defendant's cause of injuries and losses-** 1. Defendant Boston College
has a **"Special Standard of Care Duty"** to their Student Athlete's health
and safety and Boston College Athletic Department and Football program
have a **"Special Duty of Care"** to provide protective equipment that is in
proper working order.

2. Defendant Boston College Athletic Trainer negligently performed a
Unreasonable and unauthorized "fix" to Plaintiff Student Athlete Kevin
Cline's Protective Knee Brace by "Taping" the brace to Kevin's leg with
'ankle tape' to replace the support and protection of the broken #4 ACL
metal Clasp. This unreasonable and unauthorized action rendered the brace
inoperable and ineffective, and left Kevin Cline with none of the ACL
Protection and support that he was accustomed to having and that he should
reasonably be expecting from his Protective Knee Brace.

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. ...................................................................

Service No. ................................................ (Clerk's use only)

.................................. 17th Judicial ...................................Circuit Court

...................... Mike Cline ...................... v. ...... Boston College Athletic Training Staff et al. ......

Joseph Schott Boston College Office of the General Counsel, 14 Mayflower Rd.Chestnut Hill, MA 02467

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] ...............................................................................................................

I, the undersigned, swear/affirm that

1.  [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

    ...............................................................................................................

    or,

    [ ] I am a private process server (list name, address and telephone number below).

    ...............................................................................................................

    or,

    [ ] I am an investigator employed by the Indigent Defense Commission serving a witness subpoena while engaged in the performance of my official duties.

    or,

    [ ] I am an investigator employed by an attorney for the Commonwealth serving process while engaged in the performance of my official duties. I affirm that the sheriff for the jurisdiction where process was served has agreed that I may serve process. (List sheriff's name, title and agency below).

    ...............................................................................................................

2.  I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3.  I am 18 years of age or older.
4.  I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

    —  Date and time of service: ...............................................................................

    —  Place of service: ...............................................................................
       STREET ADDRESS, CITY AND STATE

    —  Method of service:

    | [ ] Personal Service | [ ] Not Found |
    |---|---|

    [ ] Being unable to make personal service, a copy was delivered in the following manner:

        [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party  ...............................

        [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

        [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

    DATE OF MAILING

DATE
SIGNATURE

State/Commonwealth of ............................................................. ,    [ ] City  [ ] County of ............................................................

Subscribed and sworn to/affirmed before me this .......................... day of ................................................................. , 20 ..................

by .....................................................................................................
PRINT NAME OF SIGNATORY                                                    TITLE

.....................................................................
DATE                                           NOTARY PUBLIC {My commission expires ........................................................)
                                               Registration No. ...........................................................

FORM CC-1407 (MASTER, PAGE TWO OF TWO) 07/22