IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MIKE CLINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:25-cv-500 |
| | ) |
| BOSTON COLLEGE UNIVERSITY | ) |
| BOSTON COLLEGE ATHLETICS | ) |
| BOSTON COLLEGE FOOTBALL | ) |
| BOSTON COLLEGE ATHLETIC | ) |
|   TRAINING STAFF, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Trustees of Boston College, a/k/a Boston College (incorrectly sued as "Boston College University"), Boston College Athletics, Boston College Football and Boston College Athletic Training Staff[1] (collectively "Defendants" or "Boston College"), by counsel, state as follows in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6):

**FACTUAL BACKGROUND**

Plaintiff Mike Cline, acting pro se, filed this matter in the Circuit Court of Arlington County, Virginia on September 28, 2023. *See* Complaint (attached as Ex. 1). While the body of the Complaint also references Mike Cline's adult son, Kevin Cline, as a "plaintiff," *id.* at 1, the sole plaintiff listed in the caption is Mike Cline. *Id*. Moreover, the pleadings filed in this matter make clear that the action was filed by Mike Cline, not Kevin Cline. *Id*; *see also* Cover Sheet for

---

[1] Boston College understands this term to mean athletic trainers employed by Boston College.

Filing Civil Actions dated July 17, 2023 (attached as Ex. 2); Affidavit for Service of Process on the Secretary of the Commonwealth dated Jan. 19, 2025 (attached as Ex. 3); Petition to Permit Filing of Suit Without Payment of Fees dated July 17, 2023 (attached as Ex. 4).

In his Complaint, Mike Cline asserts claims of negligence and gross negligence alleging that Defendants owed a "special duty of care" to Kevin Cline. *See e.g.*, Complaint (Ex. 1), pp. 1-2 (¶¶ 4-5), p. 6 (¶ 1), p. 9 (¶ 1).[2] The Complaint alleges that Kevin Cline is a student athlete member of the Boston College Football team and that he was injured while playing in a football game at Virginia Polytechnic Institute and State University ("Virginia Tech") in Blacksburg, Virginia on September 10, 2022. *Id*. at p. 2 (¶ 5). According to the Complaint, after a protective knee brace worn by Kevin Cline broke during the Virginia Tech game, a Boston College athletic trainer taped the knee brace to Kevin Cline's leg, and Cline returned to the game. *Id*. at p. 2 (¶ 5), p. 9 (¶ 2). The Complaint alleges that the trainer's taping of the brace to Kevin Cline's knee constituted an "Unreasonable, Unauthorized 'fix'" that breached Boston College's "special duty of care" to Kevin Cline. *Id*. at p. 6 (¶ 1). As a result of this alleged breach of duty, the Complaint asserts that Kevin Cline suffered a severe injury to his left knee after re-entering the game. *Id*. at p. 2 (¶ 5), p. 9 (¶ 1). The Complaint contains no claim that Defendants breached any duty of care or other legal obligation owed to Plaintiff Mike Cline.

---

[2]   A different, undated version of the Complaint signed by Mike Cline was also served along with the Sept. 20, 2023 file-stamped Complaint. *See* Ex. 5. There is no indication that this undated version of the Complaint was filed with the Arlington Circuit Court. In any event, the undated version of the Complaint asserts the same alleged breaches of a duty of care as the file-stamped Complaint and demands judgment only on behalf of Kevin Cline. *Id*. at 12.

## **ARGUMENT**

I.  **MIKE CLINE CANNOT BRING THIS ACTION PRO SE ON BEHALF OF KEVIN CLINE**

While 28 U.S.C. § 1654 provides parties with the right to conduct their "own cases" pro se, it is well recognized that the right to litigate for oneself does not create a right to litigate for others. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243-244 (4th Cir. 2020) (citing *Myers v. Loudoun Cty Pub. Sch.*, 418 F.3d 395, 400-401 (4th Cir. 2005)). The Fourth Circuit has articulated two reasons for this bar: first, it protects the rights of those before the court; second, it "'jealously guards the judiciary's authority to govern those who practice in its courtrooms.'" *Id.* at 244 (quoting *Myers*, 418 F.3d at 400). "Allowing individuals to represent themselves pro se 'reflects a respect for the choice of an individual citizen to plead his or her own cause,' but so does the bar preventing individuals without legal expertise from representing others. *Id.* Thus, as this Court recently noted, the Fourth Circuit has denied the right to litigate pro se on behalf of others in numerous circumstances. *Weightpack, Inc. v. Marannano*, 2025 U.S. Dist. LEXIS 34979 at *10-11 (E.D.Va. Feb. 26, 2025). For example, the Fourth Circuit has denied the right of parents to litigate the claims of their minor children, *id.* (citing *Myers*), has refused to allow pro se prisoners to advocate for others, *id.* (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) and has refused to allow a pro se plaintiff to pursue a *qui tam* action under the False Claims Act. *Wojcicki*, 947 F.3d at 246.

This Court has held that there is a "near uniform proscription" on non-lawyers representing others in court. *Brown v. Ortho Diagnostic Sys.*, 868 F.Supp. 168, 171 (E.D. Va. 1994). For example, a nonlawyer cannot maintain an action to enforce a settlement agreement on behalf of her spouse, *Weightpack*, 2025 U.S. Dist. LEXIS 34979 at *12, nor can a nonlawyer parent litigate a product liability action pro se on behalf of a minor child. *Brown*, 868 F. Supp. at

3

172. Similarly, a veteran's advocate cannot bring an action pro se on behalf of disabled veterans. *Perry-Bey v. McCarthy*, 2021 U.S. Dist. LEXIS 249880 (E.D. Va. May 12, 2021). For the same reasons, a trustee lacks standing to bring an action pro se on behalf of a trust, as the trustee is not the real party in interest. *Bey v. Michael*, 2021 U.S. Dist. LEXIS 43433 at *8-9 (E.D. Va. March 8, 2021).

Mike Cline filed the Complaint and all other pleadings in this matter, but, as stated above, Mike Cline lacks standing to maintain an action pro se on behalf of his son. In addition, Fed. R. Civ. P. 11(a) requires that every pleading be signed by an attorney of record "or by a party personally if the party is unrepresented." Virginia law has a similar requirement that a pro se plaintiff sign all pleadings. *See* Va. Code § 8.01-271.1(A) ("A party who is not represented by an attorney … shall sign his pleading, motion, or other paper and shall state his address."). Thus, since Mike Cline lacks standing to bring an action on behalf of Kevin Cline, and Kevin Cline did not sign the Complaint in violation of Fed. R. Civ. P. 11 and Va. Code § 8.01-271.1, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* e.g., *Weightpack*, 2025 U.S. Dist. LEXIS 34979 at *12.

**II. THE COMPLAINT FAILS TO STATE ANY CAUSE OF ACTION ON BEHALF OF MIKE CLINE**

While the Court affords pro se pleadings a liberal construction, *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006), the Complaint does not assert any obligation or duty owed to Mike Cline, much less the breach of any such obligation. Rather, the Complaint alleges only claims for negligence and gross negligence for breach of a "special duty of care" owed to Kevin Cline. *See e.g.*, Complaint, pp. 1-2 (¶¶ 4-5), p. 6 (¶ 1), p. 9 (¶ 1). Nor could Mike Cline assert a cause of action for injuries suffered by his adult son. Since the Complaint does not assert a claim

on behalf of Mike Cline, and Mike Cline has no cause of action for injuries to his son, the Complaint fails to state a claim on behalf of Mike Cline.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that its motion be granted and this matter be dismissed.

                                TRUSTEES OF BOSTON COLLEGE
                                BOSTON COLLEGE ATHLETICS
                                BOSTON COLLEGE FOOTBALL
                                BOSTON COLLEGE ATHLETIC TRAINING
                                 STAFF

                                By /s/ Dabney J. Carr
                                    Of Counsel

Dabney J. Carr (VSB No. 28679)
TROUTMAN PEPPER LOCKE LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
(804) 697-1339 (facsimile)
dabney.carr@troutman.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2025, a true and correct copy of the foregoing was sent by email, by certified mail, return receipt requested and by overnight mail to:

>Mike Cline
>170 NE 2nd Street #871
>Boca Raton, FL 33432

>/s/ Dabney J. Carr
>Dabney J. Carr (VSB No. 28679)
>TROUTMAN PEPPER LOCKE LLP
>Post Office Box 1122
>Richmond, Virginia 23218-1122
>(804) 697-1200
>(804) 697-1339 (facsimile)
>dabney.carr@troutman.com
>
>Counsel for Defendants