# EXHIBIT 1

CL23004185-00

FILED by Arlington County Circuit Court
09/20/2023



CL23004185-00
GTOR
GTOR

VIRGINIA:

## IN THE 17TH JUDICIAL CIRCUIT COURT OF VIRGINIA

Mike Cline
          Plaintiff,

   v.

                                 Case No.:

Serve:
Boston College University, Boston College
Athletics, Boston College Football, Boston
College Athletic Training Staff, et al.
          Defendant.

RECEIVED
SEP 20 2023
PAUL FERGUSON, CLERK
Arlington County Circuit Court
Deputy Clerk

### COMPLAINT

Plaintiff, moves for judgment against the defendant on the grounds and in the amount set
forth below:

### THE PARTIES:

1. At all times relevant herein Plaintiff, Mike Cline and Kevin Cline are residents of

   Boca Raton, FL.

2. At all times relevant herein Defendant, Boston College University et al, was and is located

   in Chestnut Hill, MA.

3. This court maintains jurisdiction over the parties to this action as well as the subject matter

   hereof and this forum is both proper and convenient because the injury occurred in

   Blacksburg, VA at Virginia Tech Football stadium.

### FACTUAL BACKGROUND:

4. Plaintiff Kevin Cline is suing Defendant(s) Boston College for TORT

   NEGLIGENCE for their failure to perform their University's **"Special Duty of**

   **Care"** that they owe to their Student Athletes to properly maintain and repair

   the protective knee brace equipment that the University purchased and requires

the Plaintiff Student Athlete Kevin Cline to wear in order to participate in Boston College Football practices and games.

5. This **Gross Negligence** of their **"Special Duty of Care"** to properly repair Kevin Cline's protective knee brace that broke during a Varsity Football game at Virginia Tech 10Sep2022 that resulted in Kevin Cline experiencing a "ruptured" completely torn 'ACL' Anterior Crucial Ligament.

6. Boston College unauthorized taping of the DonJoy Protective Knee brace to Kevin Cline's leg voided all of the protection and performance warranties claims from the manufacturer and places the inoperability of the protective knee brace squarely on the Grossly Negligent actions of the Boston College Athletic Staff.

7. While Student Athlete Kevin Cline did voluntarily participate in a contact sport for Boston College as a Scholarship Student Athlete. Boston College Football requires it's Offensive Linemen to wear certain protective equipment that includes the DonJoy ACL protective knee brace that Boston College selected, purchased, coordinated the fitting, and received the maintenance, repair and replacement parts, training and policies from the manufacturer. While this protective knee brace (that Boston College selected and provided) does not guarantee to protect the athlete against all injuries, this particular DonJoy ACL knee brace does claim to provide a high level of impact and non-impact protection against severe ACL injury and reduces the risk of severe ligament damage when worn properly and kept in proper repair and working condition.

8.  Boston College gross failure of its "**Special Duty of Care**" and its **Gross Negligence** in its Duty to properly maintain and repair this required protective knee brace equipment that was provided by their institution is a clear Negligent Breach of their "Special Duty of Care" to their Student Athlete Kevin Cline and that had a Direct causation of the type of Injury and the severity of the Injury that Kevin Cline suffered on 10Sep2022 while participating in a for-profit football game as Student Athlete for Boston College.

9.  Boston College Athletic Staff did not complete the proper repair to their required protective knee brace equipment as mandated and trained by the equipment manufacturer and Boston College Athletic Staff "**Reasonably**" knew that the equipment was in unacceptable working order and in complete disrepair with that tape job that they did to Kevin's knee brace during the game on 10Sep2022.

10. Boston College Athletic Trainer attempted to **cover-up** their Gross Negligence and Legal Liability for their unreasonable act of taping the broken knee brace to the Student Athlete Kevin Cline's leg. The Trainer made the necessary repair to the #4 claps on Kevin Cline's left protective knee brace (the repair that should have taken place on the sideline of the game in which Kevin ruptured his ACL) the day before they shipped the knee brace back to the manufacturer for testing and evaluation of its performance levels in the "broken taped-up condition" it was in when Boston College Athletic Trainer sent Student Athlete Kevin Cline back into the game.

11. Boston College has stated that it does not have any "Duty" to Kevin Cline and the rest of its Scholarship Student Athletes' while they are "voluntarily participating" in for-profit varsity sport activities for Boston College? Boston College statement that they have NO "reasonable standard of care" Duty to Kevin Cline and the other scholarship student athletes at their university is very concerning and disturbing.

12. Boston College claims to have No "reasonable standard of care" Duty to Kevin Cline to keep his Mandatory Protective knee brace equipment in proper repair and working order.

13. Boston College claims to have No Duty to Kevin's safety because he was voluntarily participating in a for-profit Varsity sport for Boston College in which he could get injured.

14. Kevin Cline and his family never knowingly signed any release of liability documents or otherwise agreed to wear faulty equipment provided by Boston College that was in disrepair.
Boston College selected and purchased this protective gear and Boston College required the wearing of this specific brand and type of protective knee brace for Kevin Cline and the rest of their offensive linemen to wear in practice and in games.

15. Boston College Athletic Trainer Unreasonably and Negligently chose Not to repair the broken #4 clasp on Kevin's knee brace (as taught to him by the manufacturer and he did not use the parts provided to him by the manufacturer).

Defendant was negligent by:

16. Plaintiff alleges and asserts that Boston College does have a Legal Duty to to its Plaintiff Student Athlete Kevin Cline and that they failed in their **"Special Duty of Care"** and in their **"Reasonable Standard of Care"** Duty to Kevin Cline by,

1. Failing to keep their mandatory protective equipment in proper safe and working condition.

2. Failing to make the proper repairs to Kevin Cline's protective equipment as mandated by the manufacturer that led to Kevin Cline's massive injury and loss of body parts.

3. Failing to follow and adhere to the documented manufacturer use, maintenance, and repair guidelines for their protective knee brace.

4. Failing to follow and adhere to Boston College and NCAA Athletic Training SOP on protecting the health and safety of their Student Athletes.

5. Failing to follow and adhere to Reasonable Athletic Trainer and Equipment Manager "Reasonable Standard of Care" when they decided to tape that knee brace to Kevin Cline's leg?

6. Gross Negligence when the Athletic Trainer chose Not to take the necessary 3-5 minutes to properly repair the Plaintiff Student Athlete Kevin Cline's broken knee brace during the 10Sep2022 football game, but then chose to repair it in 5 minutes before sending it back the manufacturer for testing and evaluation a month later.

7. The Boston College Athletic Trainer knew how to do the needed repair and deliberately chose not to take the 3-5 minutes to do the needed repair to protect their Student Athlete Kevin Cline.

**Legal Duty-** 1. The Defendants Boston College does have a legal **"Special Duty of Care"** to the Plaintiff (Student Athlete) Kevin Cline because of **"Mutual Dependency"** and the Defendants Boston College Football and Athletic Staff have a **"Special Position of Control"** over the Plaintiff Student Athlete Kevin Cline as his teacher, Coach, athletic trainer, authority figure, and provider of mandatory protective equipment to the Plaintiff in exchange for the Plaintiff's participation in the school's for-profit, revenue generating, Intercollegiate Football Enterprise.

2. The Defendant Boston College have a Legal duty to provide properly working protective equipment that they require the Plaintiff to wear.

3. The Defendant Boston College have a Legal Duty to keep the protective equipment in proper working order.

4. The Defendant Boston College have a Duty to make repairs to the protective equipment that follow the guidelines and training of the manufacturer.

**Breach of Duty-** 1. The Defendant Boston College Athletic Trainer willfully and deliberately provided a Unreasonable, Unauthorized "fix" and Not a authorized repair to the Plaintiff Student Athlete Kevin Cline's protective equipment that resulted in the protective equipment failing and not being able to provide the protection for which it was designed and purchased to deliver to the Plaintiff Student Athlete Kevin Cline.

2. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that he was executing a unreasonable, improper, unauthorized, and ineffective "fix" to the Plaintiff Student Athlete Kevin Cline's protective knee brace equipment.

**3.** The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that by sending the Plaintiff Student Athlete Kevin Cline back into the game unprotected with a broken and now defective Left Knee Brace, he was exposing and subjecting the Defendant to unnecessary risk of injury because he did not want to take the 3-5 minutes necessary to properly repair the broken protective knee brace.

**4.** The severity of Kevin Cline's injury is a direct result of the unreasonableness of the actions of Athletic Trainer when he caved to the pressures of expediency in getting Kevin Cline back into the game and he negligently neglected his **"Special Duty of Care"** to his Student Athlete.

**5.** The **Gross Negligence** perpetrated on Kevin Cline that day from his superiors and authorized people that he had complete faith and trust in is equivalent to taping a BROKEN SEATBELT clasp together in race car during a pit-stop and then sending the driver back into the race and then he gets into a minor situation where his seatbelt would have protected from injury like it had done hundreds of times before, but it could not help the driver because it was broken and inoperable without the driver's knowledge because he had trusted his pit crew to do the right thing but someone who in charge of that protective device/equipment decided to take a shortcut this time and neglect their **"Special Standard of Care Duty"** to that driver.

**6.** The Knee Brace was not repaired to the Manufacture's standards or training.

8. The unreasonable and unauthorized tape job that the Defendant Boston College Athletic Trainer performed on the Plaintiff Student Athlete Kevin Cline's protective equipment left Plaintiff Student Athlete Kevin Cline's (unbeknownst to Kevin Cline) with zero percent of the protection that he thought he was receiving from his protective knee brace and non of the protection that he was accustomed to receiving from that protective piece of equipment.

9. This void of protection occurred directly because of the unreasonable and grossly negligent actions of the Boston College Football Athletic Trainer's decision to Not repair the broken clasp immediately before sending his Student Athlete back onto the field of play. That Broken #4 Clasp is specifically engineered to protect the ACL ligament and because it was not in place at the time of the incident Kevin had No Protection and subsequently sustained a Severe Class 4 season ending and career threatening ruptured ACL injury.

10. The part of the knee brace that was broken and the area where the Boston College Athletic Trainer tried to complete an unauthorized workaround fix in order to get Student Athlete Kevin Cline back into the Game as soon as possible, was a very clear example of Boston College putting the revenue generating "Game" before their Student Athlete Kevin Cline's Safety.

**Plaintiff's Injuries-** 1. The Plaintiff Kevin Cline suffered a severe knee injury as a direct result of the Defendant's defective protective equipment provided to the Plaintiff Kevin Cline during a Boston College for-profit intercollegiate football game on 10Sep2022 in Blacksburg, VA.

2. The Plaintiff lost two body parts in his knee, his entire ACL and a portion of his Patella Tendon that was taken out to create the new ACL. Plaintiff Kevin Cline was a starter at the time of this injury, and he missed the remaining 10 games of the 2022 season in which he was eligible to declare for the NFL Draft at the end of that 2022 season.

3. Plaintiff Kevin Cline's Loss of his entire ACL Body Part and the cutting out of part of his Patella Ligament in order build a replacement ACL is a significant loss and a major setback to his extremely competitive profession and this Loss has caused irreputable harm to his progression table and advancement schedule that we calculate will potentially cost him Millions of dollars in lost earnings.

**Defendant's cause of injuries and losses-** 1. Defendant Boston College has a **"Special Standard of Care Duty"** to their Student Athlete's health and safety and Boston College Athletic Department and Football program have a **"Special Duty of Care"** to provide protective equipment that is in proper working order.

2. Defendant Boston College Athletic Trainer negligently performed a Unreasonable and unauthorized "fix" to Plaintiff Student Athlete Kevin Cline's Protective Knee Brace by "Taping" the brace to Kevin's leg with 'ankle tape' to replace the support and protection of the broken #4 ACL metal Clasp. This unreasonable and unauthorized action rendered the brace inoperable and ineffective, and left Kevin Cline with none of the ACL Protection and support that he was accustomed to having and that he should reasonably be expecting from his Protective Knee Brace.