# EXHIBIT 5

VIRGINIA:

IN THE 17TH JUDICIAL CIRCUIT COURT OF VIRGINIA

Mike Cline
        Plaintiff,

v.

Case No.: CL23004185

Serve:
Boston College University, Boston College
Athletics, Boston College Football, Boston
College Athletic Trainer, et al.
        Defendant.

## COMPLAINT

Plaintiff, moves for judgment against the defendant on the grounds and in the amount set forth below:

THE PARTIES:

1. At all times relevant herein Plaintiff, Mike Cline and Kevin Cline are residents of Boca Raton, FL.

2. At all times relevant herein Defendant, Boston College University, Boston College Athletics, Boston College Football, Boston College Athletic Trainer, et al, was and is located in Chestnut Hill, MA.

3. This court maintains jurisdiction over the parties to this action as well as the subject matter hereof and this forum is both proper and convenient because the injury occurred in Blacksburg, VA at Virginia Tech Football stadium.

FACTUAL BACKGROUND:

4. Plaintiff Mike Cline and Kevin Cline are suing Defendant(s) Boston College et al. for TORT NEGLIGENCE and FRAUDULENT CONCEALMENT for their failure to perform their University's and Athletic Trainer's "**Special Duty of Care**" that they owe to their Student Athletes to properly maintain and repair

the protective knee brace equipment that the University purchased and requires the Plaintiff Student Athlete Kevin Cline to wear as a condition to participate in Boston College Football practices and games. The Athletic Trainer's attempt to Fraudulently Conceal the brace broken condition at the time of the injury to Plaintiff is evidenced by him repairing the broken brace in front of the Plaintiff before shipping it back to the manufacturer for testing and evaluation of it's possible fail to provide the warranted and expected level of ACL protection that the manufacturer promotes.

5. This **Gross Negligence** of their **"Special Duty of Care"** to properly repair Kevin Cline's protective knee brace that broke during a Varsity Football game at Virginia Tech 10Sep2022 that resulted in Kevin Cline experiencing a "ruptured" completely torn 'ACL' Anterior Crucial Ligament.

6. Boston College unauthorized taping of the DonJoy Protective Knee brace to Kevin Cline's leg voided all of the protection and performance warranties claims from the manufacturer and places the inoperability of the protective knee brace squarely on the Grossly Negligent actions of the Boston College Athletic Trainer.

7. The Fraudulent Concealment occurred when the Athletic Trainer chose to repair the broken before sending it back to the manufacturer for testing and evaluation of the broken brace in the condition it was in he taped it to the Plaintiff's leg for a game situation and the device FAILED to provide the ACL protection that DONJOY promotes for this knee brace.

8. While Student Athlete Kevin Cline did voluntarily participate in a contact sport for Boston College as a Scholarship Revenue Generating Student Athlete. Boston College Football requires it's Offensive Linemen to wear certain protective equipment that includes the DonJoy ACL protective knee brace that

Boston College selected, purchased, coordinated the custom fitting, and received the maintenance, repair and replacement parts, training and policies from the manufacturer and their supplier. While this protective knee brace (that Boston College selected and provided) does not guarantee to protect the athlete against all injuries, this particular DonJoy ACL knee brace does claim to provide a high level of impact and non-impact protection against severe ACL injury and reduces the risk of severe ligament damage when worn properly and kept in proper repair and working condition.

9. Boston College gross failure of its "**Special Duty of Care**" and its **Gross Negligence** in its Duty to properly maintain and repair this required protective knee brace equipment that was provided by their institution is a clear Negligent Breach of their "Special Duty of Care" to their Student Athlete Kevin Cline and that had a Direct causation of the type of Injury and the severity of the Injury that Kevin Cline suffered on 10Sep2022 while participating in a for-profit football game as Student Athlete for Boston College.

10. Boston College Athletic Staff did not complete the proper repair to their required protective knee brace equipment as mandated and trained by the equipment manufacturer and Boston College Athletic Trainer "**Reasonably**" knew that the equipment was in unacceptable working condition and in complete disrepair with that "tape job" that they did to Kevin's knee brace during the game on 10Sep2022.

11. Boston College Athletic Trainer committed FRAUDULENT CONCEALMENT when he attempted to **COVER-UP** his Gross Negligence and Legal Liability for his unreasonable and unprofessional act of taping the broken knee brace to the Student Athlete Kevin Cline's leg.

12. As further proof that the Athletic Trainer was consciously and deliberately trying cover up his gross negligence and subsequent liability to Kevin Cline, the Athletic Trainer made the necessary repair to the #4 claps on Kevin Cline's left protective knee brace (the repair that should have taken place on the sideline of the game in which Kevin ruptured his ACL while wearing the broken knee brace) in front of Kevin Cline the day before the Athletic Trainer shipped the knee brace back to the manufacturer DonJoy for testing and evaluation of the knee brace's protection capabilities and performance levels in the "broken taped-up condition" it was in when Boston College Athletic Trainer sent Student Athlete Kevin Cline back into the game.

13. Boston College has stated that it does not have any "Duty" to Kevin Cline and the rest of its Scholarship Student Athletes' while they are "voluntarily participating" in for-profit 'Varsity Sport' activities for Boston College? Boston College statement that they have NO "reasonable standard of care" Duty to Kevin Cline and the other Scholarship Student Athletes at their university is very concerning and disturbing.

14. Boston College claims to have No "reasonable standard of care" Duty to Kevin Cline to keep his Mandatory Protective knee brace equipment in proper repair and working order.

15. Boston College claims to have No Duty to Kevin's safety because he was voluntarily participating in a for-profit Varsity sport for Boston College in which he could get injured is outrageous.

16. Kevin Cline and his family never knowingly signed any release of liability documents or otherwise agreed to wear faulty equipment provided by Boston College that was in disrepair.

    Boston College selected and purchased this protective gear and Boston College required the wearing of this specific brand and type of protective knee brace for Kevin Cline and the rest of their offensive linemen to wear in practice and in games.

17. Boston College Athletic Trainer Unreasonably and Negligently chose Not to take the four minutes necessary to repair the broken #4 clasp on Kevin's knee brace (as taught to him by the manufacturer and he did not use the parts provided to him by the manufacturer).

    Defendant was negligent by:

18. Plaintiff alleges and asserts that Boston College does have a Legal Duty to its codependent Student Athlete Plaintiff Kevin Cline and that they failed in their **"Special Duty of Care"** and in their **"Reasonable Standard of Care"** Duty to Kevin Cline by,

    1. Failing to keep their mandatory protective equipment in proper safe and working condition.

    2. Failing to make the proper repairs to Kevin Cline's protective equipment as mandated by the manufacturer that led to Kevin Cline's massive injury and loss of body parts.

    3. Failing to follow and adhere to the documented manufacturer use, maintenance, and repair guidelines for their protective knee brace.

    4. Failing to follow and adhere to Boston College and NCAA Athletic Training SOP on protecting the health and safety of their Student Athletes.

5. Failing to follow and adhere to Reasonable Athletic Trainer and Equipment Manager "Reasonable Standard of Care" when they decided to tape that knee brace to Kevin Cline's leg?

6. Gross Negligence when the Athletic Trainer chose Not to take the necessary 3-5 minutes to properly repair the Plaintiff Student Athlete Kevin Cline's broken knee brace during the 10Sep2022 football game, but then chose to repair it in less than 5 minutes in front Plaintiff Student Athlete Kevin Cline in a deliberate attempt to deceive the manufacturer before sending it back the manufacturer for testing and evaluation a month later.

7. The Boston College Athletic Trainer knew how to do the needed repair and deliberately chose not to take the 3-5 minutes to do the needed repair to protect their Student Athlete Kevin Cline.

**Legal Duty-**

1. The Defendants Boston College and its Athletic Trainer et al. do have a legal **"Special Duty of Care"** to the Plaintiff (Student Athlete) Kevin Cline because of a **"Mutual Dependency"** and the Defendants Boston College Football and Athletic Trainer have a **"Special Position of Control"** over the Plaintiff Student Athlete Kevin Cline as his teacher, Coach, athletic trainer, authority figure, and provider of mandatory protective equipment to the Plaintiff in exchange for the Plaintiff's participation in the school's for-profit, revenue generating, Intercollegiate Football Enterprise.

2. The Defendant Boston College have a Legal duty to provide properly working protective equipment that they require the Plaintiff to wear.

3. The Defendant Boston College have a Legal Duty to keep the protective equipment in proper working order.

4. The Defendant Boston College have a Legal Duty to make repairs to the protective equipment that follow the guidelines and training of the manufacturer.

**Breach of Duty-**

1. The Defendant Boston College Athletic Trainer willfully and deliberately provided a Unreasonable, Unauthorized "fix" and Not a authorized repair to the Plaintiff Student Athlete Kevin Cline's protective equipment that resulted in the protective equipment failing and not being able to provide the basic protection for which it was designed and purchased to deliver to the Plaintiff Student Athlete Kevin Cline.

2. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that he was executing a unreasonable, improper, unauthorized, and ineffective "fix" to the Plaintiff Student Athlete Kevin Cline's protective knee brace equipment.

3. The Defendant Boston College Football Athletic Trainer should have known by Title, Training and Experience that by sending the Plaintiff Student Athlete Kevin Cline back into the game unprotected with a broken and now defective Left Knee Brace, he was exposing and subjecting the Defendant to unnecessary risk of injury because he did not want to take the 3-5 minutes necessary to properly repair the broken protective knee brace.

4. The severity of Kevin Cline's injury is a direct result of the unreasonableness of the actions of the Athletic Trainer when he caved to the pressures of expediency in getting Kevin Cline back into the game and he negligently neglected his **"Special Duty of Care"** to his Student Athlete Kevin Cline.

5. The **Gross Negligence** perpetrated on Kevin Cline that day from his superior and authorized medical person that he had complete faith and trust in is equivalent to taping a BROKEN SEATBELT clasp together in race car during a pit-stop and then sending the driver back into the race and then he gets into a minor situation where his seatbelt would have protected from injury like it had done hundreds of times before, but it could not help the driver because it was broken and inoperable without the driver's knowledge because he had trusted his pit crew to do the right thing but someone who was in charge of that protective device/equipment decided to take a shortcut this time and neglect their **"Special Standard of Care Duty"** to that driver.

6. The Knee Brace was not repaired to the Manufacture's standards or training.

8. The unreasonable and unauthorized tape job that the Defendant Boston College Athletic Trainer performed on the Plaintiff Student Athlete Kevin Cline's protective equipment left Plaintiff Student Athlete Kevin Cline's (unbeknownst to Kevin Cline) with zero percent of the protection that he thought he was receiving from his protective knee brace and none of the protection that he was accustomed to receiving from that protective piece of equipment.

9. This void of protection occurred directly because of the unreasonable and grossly negligent and unprofessional actions of the Boston College Football Athletic Trainer's decision to Not repair the broken clasp immediately before sending his Student Athlete back onto the field of play. That Broken #4 Clasp is specifically engineered to protect the ACL ligament and because it was not in place at the time of the incident and Kevin therefore had No

Protection and subsequently sustained a Severe Class 4 season ending and career threatening ruptured ACL injury.

10. The part of the knee brace that was broken and the area where the Boston College Athletic Trainer tried to complete an unauthorized workaround fix in order to get Student Athlete Kevin Cline back into the Game as soon as possible, was a very clear example of Boston College putting the revenue generating "Game" before their Student Athlete Kevin Cline's Safety.

**Plaintiff's Injuries-**

1. The Plaintiff Kevin Cline suffered a severe knee injury as a direct result of the Defendant's defective protective equipment provided to the Plaintiff Kevin Cline during a Boston College for-profit intercollegiate football game on 10Sep2022 in Blacksburg, VA.

2. The Plaintiff lost two body parts in his knee, his entire ACL and a portion of his Patella Tendon that was taken out to create the new ACL. Plaintiff Kevin Cline was a starter at the time of this injury, and he missed the remaining 10 games of the 2022 season in which he was eligible to declare for the NFL Draft at the end of that 2022 season.

3. Plaintiff Kevin Cline's Loss his entire ACL Body Part and the cutting out of part of his Patella Ligament in order build a replacement ACL is a significant loss and a major setback to his extremely competitive profession and this Loss has caused irreputable harm to his progression table and advancement schedule that we calculate will potentially cost him Millions of dollars in lost earnings.

4. According research from the Harvard football injury study knee injuries do have long term health consequences for Football Players like obesity, heart disease, hypertension, pain, physical limitations and a loss of quality of life.

**Defendant's cause of injuries and losses-**

1. Defendant Boston College has a **"Special Standard of Care Duty"** to their Student Athlete's health and safety and Boston College Athletic Department, Football program, and Athletic Trainer all have a **"Special Duty of Care"** to provide protective equipment that is in proper working order.

2. Defendant Boston College Athletic Trainer negligently performed a unprofessional, unreasonable, and unauthorized "fix" to Plaintiff Student Athlete Kevin Cline's broken Protective Knee Brace by "Taping" the brace to Kevin's leg with 'ankle tape' to replace the support and protection of the broken #4 ACL metal Clasp and Velcro strap. This unreasonable, unprofessional, and unauthorized action rendered the brace inoperable and ineffective, and left Kevin Cline with none of the ACL Protection and support that he was accustomed to having and that he should reasonably be expecting from his Protective Knee Brace.

3. Defendant Boston College Athletic Trainer made a selfish, calculated and unreasonable choice to not perform the proper 3-5 minute authorized and mandated Repair to the Protective Knee Brace by replacing the #4 ACL Clasp as they were trained and instructed to do by the Manufacturer's supplier.

4. Defendant Boston College Athletic Trainer deceived and broke his **'Special Duty of Care'** to Plaintiff Student Athlete Kevin Cline by lying to him and returning him to the game with a known broken piece of Protective Equipment that the Athletic Training knew he had just conducted an unauthorized, ineffective and damaging "fix" to Plaintiff Student Athlete Kevin Cline's Brace by taping that Brace to Kevin's leg. Kevin trusted their work and their instruction to return to the game where he immediately experienced a severe complete rupture of his left ACL because he had no ACL Support or Protection from his Protection Knee Brace because it had been unreasonably rendered ineffective by the Defendant Boston College Athletic Trainer's unauthorized Taping "fix" that the Athletic Training unreasonably chose to do over what a reasonable Athletic Trainer would have done.

5. Plaintiff Kevin Cline suffered a definite career limiting, shortening, and potentially career ending Reconstructive Knee Surgery in Oct2022 as a result of his injury in this 10Sep2022 Football game. In order to reconstruct Defendant Student Athlete Kevin Cline's knee the surgeon had to cut out part of his Patella Tendon and sew it back together in order to create a new ACL Anteria Crucial Ligament that was then screwed into his bones on both ends.

**DEFENDANT'S FRAUDULENT CONCEALMENT:**

1. When the manufacturer asked to have the brace shipped to them for Review and Testing of its capabilities at the time of the injury, the Defendant Boston College Athletic Trainer requested the brace from Plaintiff Student Athlete Kevin Cline and the Defendant Boston College Athletic Trainer repaired the brace in less than five minutes the day before shipping the repaired brace back to the manufacturer for flawed Testing and Evaluation.

The Plaintiff have invested thousands of dollars into Kevin's development and expenses and is seeking damages, reimbursement, remuneration and monetary consideration for out-of-pocket expenses and lost earnings surrounding this injury and for the Plaintiff's projected losses on the overall investment into Kevin's 15-year football career.

As a direct and proximate result thereof, Plaintiff, Kevin Cline, sustained serious injuries, has suffered, and will continue to suffer great pain of body and mind; has incurred hospital, doctors, and related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff, Kevin Cline, demands judgment against the defendant in the sum of ($20,000,000.00), and his costs expended in this action, plus pre and post judgment interest.

Respectfully submitted,
Mike Cline
Plaintiff,

**JURY DEMAND**
Plaintiff demands a trial by a jury as to the issues raised in the Complaint.