IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MIKE CLINE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:25-cv-500 (PTG/LRV) |
| | ) |
| BOSTON COLLEGE ATHLETICS, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. 3. On September 20, 2023, Plaintiff Mike Cline, acting *pro se*, filed this matter in the Circuit Court of Arlington County, Virginia against Defendants Boston College University, Boston College Athletics, Boston College Football, and Boston College Athletic Training Staff. Dkt. 1-1 ("Compl.").[1] After removing this case to federal court, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(b) of the Federal Rules of Civil Procedure. Essentially, Defendants contend that the Court lacks subject matter jurisdiction to hear this matter and that the Complaint fails to state a claim as a matter of law. For the reasons that follow, the Court grants Defendants' Motion.

---

[1] Plaintiff additionally served an undated version of the Complaint to Defendants, along with the file-stamped Complaint. Compl. at 9-20. It is not clear that the undated version was filed in the Arlington Circuit Court. Nevertheless, the undated version makes the same allegations as the file-stamped Complaint and demands damages on behalf of Kevin Cline. *Id.* at 20.

The Court construes *pro se* filings "liberally" because their filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotations omitted)). Accordingly, the Court reads both served pleadings collectively as part of the operative Complaint.

Additionally, because the Complaint does not include page numbers, the Court will refer to the page numbers on the respective docket filing.

By way of background, the Complaint brings claims of negligence and gross negligence against Defendants for their alleged failure to uphold their "special duty of care" owed to Plaintiff's adult son, Kevin Cline, a student athlete at Boston College.[2] Compl. at 24. The claims allegedly arise out of injuries that Kevin Cline suffered on September 10, 2022, while playing football for Boston College during a game against Virginia Tech in Blacksburg, Virginia. *Id.* at 25. Plaintiff contends that Kevin Cline "suffered a severe knee injury" because Defendants breached their special duty to Kevin Cline when they improperly repaired his broken knee brace. *Id.* at 23.

On March 21, 2025, Defendants removed the matter to this Court. Dkt. 1. The same day, Defendants filed the instant Motion to Dismiss. Dkt. 3. Because Plaintiff is proceeding *pro se*, the Court entered an order notifying Plaintiff that he had twenty-one days (21) days from the entry of the order to file an opposition to Defendants' Motion or, alternatively, risk dismissal of his claims. Dkt. 7; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Defendants noticed the hearing on the Motion to Dismiss for May 1, 2025. Dkt. 9. On April 23, 2025, the Court terminated the hearing and indicated it would resolve the matter on the papers. Dkt. 10. On April 29, 2025, Plaintiff filed a "Motion to Deny Defendant's Motion for Dismissal," which the Court construes as an opposition brief. Dkt. 12.

On April 30, 2025, Plaintiff filed an Amended Complaint making virtually the same allegations as the original Complaint but with a request for $20,000,000 in damages and signed on behalf of both Mike and Kevin Cline. Dkt. 13 ("Am. Compl.").[3] Additionally, because the

---

[2] In considering a motion to dismiss for failure to state a claim, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

[3] Although the Amended Complaint states at the top that Plaintiff "moves for Summary Judgment," it appears to be identical to the original Complaint, is titled "Amended Complaint," and is

2

Amended Complaint was filed more than 21 days after service of Defendants' Rule 12(b) motion, the period during which Plaintiff could amend as a matter of course, the Court construes it as seeking leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1), 15(a)(2). Because the bases for dismissal apply to the Amended Complaint, the Court finds no need to determine which of the two complaints constitutes the operative pleading.

## Legal Standard

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Standing 'is a threshold jurisdictional question' that ensures a suit is 'appropriate for the exercise of the [federal] courts' judicial powers.'" *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (alteration in original) (quoting *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001)). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (noting that in this Circuit, "a federal court is obligated to dismiss a case whenever it appears the court lacks subject matter jurisdiction").

---

structured as a complaint rather than a motion for summary judgment. Dkt. 13. Accordingly, the Court construes it as an amended complaint as opposed to a motion for summary judgment.

## Discussion

Defendants' fundamental challenge to this case concerns whether Plaintiff may bring suit on behalf of his adult son for injuries incurred by his son. Dkt. 4. Because Plaintiff lacks standing and improperly brings suit on behalf of another party, the Court finds that Plaintiff's suit must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

The doctrine of standing is "an integral component of the case or controversy requirement" and bears upon this Court's subject matter jurisdiction. *Weightpack, Inc. v. Marannano*, No. 3:16-cv-00271, 2025 WL 629982, at *3 (E.D. Va. Feb. 26, 2025) (quoting *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011)). To meet the standing burden, "a party must allege 'such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf.'" *Id.* (quoting *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005)). Accordingly, the "first and foremost" requirement of establishing standing is a "concrete and particularized injury in fact." *Id.* (first quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998); and then *Sprint Commc'ns Co., L.P. v. APCC Serv., Inc.*, 554 U.S. 269, 273–74 (2008)). Here, Plaintiff's claims against Defendants seek to redress injuries against his son. Compl. at 23. Plaintiff does not assert any injuries he incurred. Accordingly, Plaintiff lacks standing to bring his claims.

Furthermore, while 28 U.S.C. § 1654 permits parties in federal court to "plead and conduct their own cases personally or by counsel," it is well-settled that non-lawyers may not represent others in court. *See Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself does not create a coordinate right to litigate for others."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that an "imprisoned litigant who is unassisted by counsel" may not "represent his fellow inmates"); *Brown v. Ortho Diagnostic Sys.*, 868 F.Supp. 168, 171-72 (E.D. Va. 1994) (stating that the "near uniform proscription on non-

4

lawyers representing others in court" is based on "a strong and compelling state interest in regulating the practice of law" and the rights of litigants). It is clear from the pleadings in this suit that the only named Plaintiff is Mike Cline, the father of Kevin Cline. Based on his opposition to the Motion to Dismiss, Plaintiff also does not contest that he, not Kevin Cline, filed the original Complaint. *See* Dkt. 12. However, because Mike Cline is not a lawyer, he cannot represent his son in court under clearly established precedent.

Nor can Plaintiff cure the deficiencies of his suit by repeatedly referring to his son as the other plaintiff in the pleadings. *See* Dkt. 12 at 1; Am. Compl. ¶ 1. Under Fed. R. Civ. P. 11(a), every pleading must be signed by an attorney of record "or by a party personally if the party is unrepresented." *See also* Va. Code § 8.01-271.1(A) ("A party who is not represented by an attorney ... shall sign his pleading, motion, or other paper and shall state his address."). Kevin Cline's signature does not appear on any of the pleadings. *See* Fed. R. Civ. P. 11(a) ("The paper must state the signer's address, e-mail address, and telephone number."); *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (holding that typed signatures do not satisfy Rule 11's signature requirement). Accordingly, because Mike Cline lacks standing and cannot bring suit on behalf of his son, and Kevin Cline is not a named plaintiff, the Court dismisses this suit without prejudice. *Adams Outdoor Advert. Lim. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 566 (4th Cir. 2024) (internal citation and quotations omitted) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").[4]

---

[4] Because the Court finds that Plaintiff does not have standing and it lacks subject matter jurisdiction, it is unnecessary to address the balance of Defendants' arguments for dismissal of this action.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 3) is **GRANTED**. This case is **DISMISSED without prejudice.**

To appeal this decision, Plaintiff must file a Notice of Appeal (NOA) with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

Entered this 4th day of November, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge